UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESPN, INC.,

                             Plaintiff,

- vs -

PRINCETON SKI OUTLET CORP. d/b/a
PRINCETON SKI SHOPS and CORERIDE, INC.,

                            Defendants.

JUDGE KOELTL

**COMPLAINT**

**JURY TRIAL DEMANDED**

CIVIL NO.: 07 CIV 6077

RECEIVED
JUN 27 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, ESPN, Inc., by its attorneys, Nixon Peabody LLP, as and for its Complaint, alleges as follows:

## INTRODUCTION

    1.     This Lanham Trademark Act and state law dilution action arises out of Defendants' infringement of Plaintiff's registered EXPN® trademarks and piracy of its domain name, www.expnproshop.com.

## PARTIES

    2.     ESPN, Inc. ("ESPN") at all relevant times was and is Delaware corporation, with a principal place of business in Bristol, Connecticut.

    3.     Upon information and belief, defendant Princeton Ski Outlet Corp. d/b/a Princeton Ski Shops ("Princeton") is a New York corporation, with a principal place of business at 300 Executive Boulevard, Elmsford, New York.

    4.     Upon information and belief, defendant Coreride, Inc. ("Coreride") is a New York corporation with a principal place of business at 300 Executive Boulevard, Elmsford, New York and is a subsidiary, affiliate, or is otherwise owned by Princeton.

## JURISDICTION

5. This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, as amended, 15 U.S.C. § 1051, et seq., including 15 U.S.C. § 1114 and 15 U.S.C. § 1125, and 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendants because, among other things, they are both New York corporations and they have caused injury in New York by advertising, soliciting, selling and distributing infringing goods in New York.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c).

## THE EXPN® TRADEMARKS

8. ESPN is the owner of four federal registrations on the Principal Register for its "EXPN®" mark. Registrations Nos. 2724693, 2601860, and 2589177 are for use in entertainment services in the nature of an on-going television program in the field of sports; and providing information via a global computer information network on a wide variety of extreme sports and lifestyle activities, namely, skateboarding, in-line skating, snow boarding, freestyle skiing, surfing, bmx biking, motorcross, art, music, film and video.

9. The application for EXPN® Registration No. 2724693 (design plus words: stylized birds and bats) was filed on December 10, 1999 and registered on June 10, 2003, and the mark was first used in commerce on February 1, 2000.

10. The application for EXPN® Registration No. 2601860 (design plus words) was filed on December 10, 1999 and registered on July 30, 2002, and the mark was first used in commerce on February 1, 2000.

11. The application for EXPN® Registration No. 2589177 (typed drawing) was filed on December 10, 1999 and registered on July 2, 2002, and the mark was first used in commerce on February 1, 2000.

12. ESPN is also owner of the EXPN® federal trademark Registration No. 2724603 for clothing, namely, T-shirts, sweatshirts, jackets, caps and visors. The application for this registration was filed on July 7, 1999 and registered on June 10, 2003, and the mark was first used in commerce on August 9, 2001.

### THE DOMAIN NAME WWW.EXPNPROSHOP.COM

13. Upon information and belief, on or before July 8, 2002, Coreride registered the domain name www.expnproshop.com (the "Domain").

14. Upon information and belief, the meta description for the Domain is "Core Ride: Your source for Online skateboard shop, World industry skateboard, Black label skateboard, Snowboarding and gear, Skateboard clothing, Longboard skateboard and Bird house skateboard" and is registered for e-commerce.

15. EXPN® trademark Registration No. 2601860 appears dominantly at least three times on the home page of the Domain.

16. Defendants have refused to transfer the Domain to ESPN.

### THE LICENSING AGREEMENT BETWEEN ESPN AND CORERIDE

17. On or about November 25, 2002, ESPN, through its subsidiary ESPN Enterprises, Inc. entered into an EXPN® Apparel Licensing Agreement with Coreride (the "Agreement").

18. In the Agreement, which was signed by both parties and expired on October 31, 2003, ESPN granted Coreride a nonexclusive, nontransferable, limited license to use, *inter alia*, the EXPN® marks including "EXPNProShop" on licensed articles such as shirts, jackets, fleeces, and other sportswear.

19. The Agreement prohibited Coreride from using EXPN® for any other purpose without ESPN's permission, and did not authorize Coreride to register the Domain.

## FIRST CAUSE OF ACTION
## (FEDERAL TRADEMARK INFRINGEMENT)

20.  The allegations of Paragraphs 1 through 19 are realleged as if fully set forth herein.

21.  By virtue of Defendants' use of ESPN's EXPN® marks, Defendants have infringed and interfered with ESPN's trademark rights in and to the EXPN® marks in violation of the Lanham Trademark Act § 32(a), 15 U.S.C. § 1114(1)(a).

22.  Defendants' infringement has been willful and deliberate and has caused or is likely to cause mistake or confusion among consumers, or to deceive consumers, by causing them to believe, incorrectly, that Defendants' business is related to, associated with, sponsored by, or connected with ESPN in violation of 15 U.S.C. § 1114(1)(a).

23.  ESPN has created incalculable good will associated with the EXPN® marks.

24.  By reason of Defendants infringing activities, ESPN has been seriously and irreparably damaged and, unless Defendants are restrained therefrom, ESPN will continue to be so damaged.

25.  ESPN has no adequate remedy at law.

## SECOND CAUSE OF ACTION
## (TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

26.  The allegations of Paragraphs 1 through 25 are realleged as if fully set forth herein.

27.  Defendants have been and are engaged in trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.  Defendants' activities have affected interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. By reason of Defendants' activities, ESPN has been seriously and irreparably damaged and, unless Defendants are restrained therefrom, ESPN will continue to be so damaged.

29. ESPN has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### (FEDERAL TRADEMARK DILUTION)

30. The allegations of Paragraphs 1 through 29 are realleged as if fully set forth herein.

31. By virtue of long-standing use, voluminous sales, extensive advertising, and strong consumer recognition, the EXPN® marks have become distinctive and famous.

32. Defendants' knowing and deliberate activities constitute a commercial use in commerce of the famous EXPN® marks that dilutes the distinctive quality of those marks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendants' use of the infringing and dilutive EXPN® marks began after ESPN's EXPN® marks had become famous.

33. By reason of Defendants' activities, ESPN has been seriously and irreparably damaged, and unless Defendants are restrained from those activities, ESPN will continue to be so irreparably damaged.

34. ESPN has no adequate remedy at law.

### FOURTH CAUSE OF ACTION
### (VIOLATING OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT)

35. The allegations of Paragraphs 1 through 34 are realleged as if fully set forth herein.

36. By virtue of the long-standing use, voluminous and continuous advertising and strong consumer recognition, the EXPN® marks have become very strong and famous marks and are protected under 15 U.S.C.§ 1125.

37. Defendants have acted in bad faith by registering, using, and continuing to use the domain name www.expnproshop.com with an intent to profit therefrom, which is confusingly similar to and dilutive of the EXPN® marks, all in violation of ESPN's rights as set forth in Section 43(d) of the Lanham Act, 15 U.S.C.§ 1125(d).

38. By reason of Defendants' actions, ESPN has been seriously and irreparably damaged and, unless Defendants are restrained therefrom, ESPN will continue to be so damaged.

39. ESPN has no adequate remedy at law.

## FIFTH CAUSE OF ACTION
## (ANTI-DILUTION PURSUANT TO NEW YORK GBL § 360-1)

40. The allegations of Paragraphs 1 through 39 are realleged as if fully set forth herein.

41. Defendants' use of the EXPN® marks in the conduct of trade constitutes unfair and deceptive practices in violation of Section 360-l of New York State General Business Law.

45. By reason of Defendants' actions, ESPN has been seriously and irreparably injured and, unless Defendants are restrained therefrom, ESPN will continue to be so damaged.

42. ESPN has no adequate remedy at law.

## SIXTH CAUSE OF ACTION
## (SUCCESSOR LIABILITY)

43. Plaintiffs reallege and incorporate paragraphs 1 through 42 as if fully stated herein.

44. Upon information and belief, Princeton Ski Outlet Corp. acquired all of the assets of Coreride, Inc.

45. Via this acquisition, Princeton: (1) expressly or impliedly assumed Coreride's tort liability, (2) there was a consolidation or de facto merger of Princeton and Coreride, (3) Princeton is a mere continuation of Coreride, or (4) the transfer was entered into fraudulently to escape such liability.

46. As such, successor liability is assumed, and Princeton is therefore fully liable to Plaintiff for all damages plead under this Complaint against Coreride.

**WHEREFORE,** ESPN demands judgment:

1. On each of the Causes of Action, preliminarily and permanently restraining and enjoining Defendants and all persons acting in concert with Defendants or purporting to act on their behalf or in active concert or in participation with Defendants, including, but not limited to, their agents, servants, employees, successors or assigns, from infringing the trademarks of ESPN identified herein, from falsely designating the origin, sponsorship or affiliation of Defendants' business and services, from diluting the distinctive quality of the trademarks of ESPN, and from unfairly competing with Plaintiff in any manner whatsoever, and specifically:

    (a) Using any Internet domain name, registration, address or website that incorporates any ESPN trademark or service mark;

    (b) selling or attempting to sell any domain name registration that incorporates any ESPN trademark or service mark; and

  (c)  committing any other act which infringes the trade name, trademarks or service marks of ESPN or constitutes unfair competition against ESPN.

2. On the Fourth Cause of Action pursuant to 15 U.S.C. § 1125(d), ordering Defendants, to deliver up, and assign to ESPN all Internet domain name registrations incorporating any ESPN trademark, including www.expnproshop.com.

3. On the First, Second, Third, and Fourth Causes of Action, pursuant to 15 U.S.C. § 1116, ordering Defendants to file with the Court and to serve on ESPN's counsel within thirty (30) days after service of any preliminary injunction or final injunction issued herein, or within such reasonable time as the Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which defendant has complied with such injunction.

4. On the First, Second, and Third Causes of Action, pursuant to 15 U.S.C. § 1117 ordering an award of:

  (a)  Compensatory damages in an amount to be determined at trial arising out of the foregoing acts of infringement and unfair competition sustained by reason of said wrongful acts and that said award of compensatory damages be trebled;

  (b)  Defendants' profits as a consequence of the acts of infringement and an accounting of said profits;

  (c)  The costs of the action; and

  (d)  Plaintiff's reasonable attorneys' fees incurred herein.

5.  On all Causes of Action, ordering an award of punitive and exemplary damages against Defendants by reason of Defendants' willful infringement and their deliberate attempt to play off the goodwill associated with ESPN's marks, and an award of costs and attorneys' fees.

6.  For such other relief as the Court deems just.

Plaintiff demands a trial by jury on all issues so triable.

Dated:  June 27, 2007

                            NIXON PEABODY LLP

                            By: _____

                            Frank W. Ryan (FR 0618)
                            Tamar Y. Duvdevani (TD 7603)
                            437 Madison Avenue
                            New York, New York  10023
                            (212) 940-3000

                            Attorneys for Plaintiff
                            ESPN, Inc.